**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **DETERRIUS TRIMBLE and,** | § | |
| **D TRIMBLE XPRESS,** | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **CIVIL NO. 3:16-CV-1059-D-BK** |
| | § | |
| **UNITED STATES GOVERNMENT,** | § | |
| **Defendant.** | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to District Judge Fitzwater's *Order of Reference*, Doc. 6, this case is before the Court on Defendant's *Motion to Dismiss or, Alternatively, for More Definite Statement*, Doc. 5. For the reasons that follow, Defendant's motion to dismiss should be **GRANTED**.

### A.  Procedural Background

In April 2016, Plaintiffs filed a fee-paid complaint, which in its entirety states: "Suing the United States Government for slavery." Doc. 2 at 1.  On the accompanying civil cover sheet, Plaintiffs assert that the nature of the suit includes, *inter alia*, land condemnation, product liability, Black Lung, voting, education, ERISA, intellectual property, cable/satellite television, qui tam, antitrust, and many others.  Doc. 2 at 2.  Plaintiffs' seek damages in the hundreds of millions of dollars.  Doc. 2 at 2.

### B.  Legal Analysis

A review of the complaint reveals that it plainly fails to (1) comply with Rule 8(a) of the Federal Rules of Civil Procedure by providing a short and plain statement of the claim showing entitlement to relief; or (2) provide facts or law supporting subject matter jurisdiction in this Court.  The government has moved to dismiss the case for lack of subject matter jurisdiction or,

alternatively, for a more definite statement.  Doc. 5.  Plaintiffs' half-page response to the motion consists of rambling, disjointed statements and does not offer any basis for federal jurisdiction. Doc. 9.

The Court agrees with the Government that Plaintiffs have not raised any basis for federal jurisdiction.  *See Dilworth v. Dallas Cnt. Comm. Coll. Dist.*, 81 F.3d 616, 617 (5th Cir. 1996) ("When a plaintiff's complaint is facially frivolous and insubstantial, it is insufficient to invoke the jurisdiction of a federal court.").  Indeed, "federal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and insubstantial as to be absolutely devoid of merit, wholly insubstantial, obviously frivolous, plainly unsubstantial, or no longer open to discussion." *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) (internal quotations and citations omitted).  In considering whether a plaintiff's complaint is frivolous, district courts must determine whether the facts alleged are "clearly baseless," meaning that they are "fanciful," "fantastic," or "delusional."  *See Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (stating the standard for determining frivolity under section 1915(d)).  Allegations may meet that standard where they "rise to the level of the irrational or the wholly incredible." *Id.*  The Court has broad discretion in determining whether a claim is factually frivolous.  *See id.*

There is no question that Plaintiffs' complaint against the United States for slavery falls into the category of cases that are attenuated, wholly insubstantial, and no longer open to discussion.  *Hagan*, 415 U.S. at 536-37.  Turning to the remedy, in *Mallard v. United States District Court*, 490 U.S. 296, 307-08 (1989) the Supreme Court states that "[28 U.S.C.] Section 1915(d) . . . authorizes courts to dismiss a frivolous or malicious action, but there is little doubt they would have power to do so even in the absence of this statutory provision."  Indeed, many

cases have held that district courts have the inherent authority to dismiss a pro se litigant's frivolous complaint *sua sponte* even if the plaintiff has paid the requiring filing fee. *Pope v. Mountcastle Mortg. Corp.*, No. 11-CV-1689-B, 2011 WL 4986927, at \*1 (N.D. Tex. Oct. 8, 2011) (Boyle, J.) (citing *Fitzgerald v. First East Seventh Street Tenants*, 221 F.3d 362, 363-64 (2d Cir. 2000); *Holman v. Wooten*, No. 09-1634-CWH, 2010 WL 691263, at \*2 (D.S.C. Feb. 24, 2010); *Larrimore v. Bank of New York Mellon*, No. 4:09-1647-TLW-TER, 2009 WL 4920776, at \*2 (S.D.N.Y. Dec. 11, 2009); and *McCracken v. Natale*, No. 04-CV-5456, 2008 WL 5274317, at \*6 (E.D.N.Y. Dec.17, 2008)).  In light of the frivolous nature of the complaint as well as Plaintiffs' nonsensical response to Defendant's dismissal motion, it is recommended that Defendant's *Motion to Dismiss or, Alternatively, for More Definite Statement*, Doc. 5, be **GRANTED** to the extent that Plaintiffs' complaint be dismissed.[1]

### C.   Leave to Amend

Ordinarily, Plaintiffs should be granted leave to amend their complaint prior to dismissal.  *See Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009) ("A pro se litigant should be offered an opportunity to amend his complaint before it is dismissed.").  Plaintiffs' complaint and civil cover sheet, however (1) contain only nonsensical allegations as to the nature of the suit; (2) list only a one-sentence conclusory allegation in the complaint; and (3) lacks both factual and legal support.  Based on the dearth of factual information, the nonsensical nature of Plaintiffs' sole contention, and the lack of specific allegations, the Court concludes that Plaintiffs already have pleaded their best case.  Thus, granting leave to amend would be futile and cause

---

[1] Additionally, Plaintiffs have not kept the Court apprised of their current address.  The Court's last order, mailed to Plaintiffs on August 17, 2016, was returned because it was undeliverable. Doc. 11.

needless delay and waste of government resources. *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999) (dismissal with prejudice of a *pro se* case is appropriate if the court determines that the plaintiff has alleged his best case).  Accordingly, Plaintiffs' complaint should be dismissed with prejudice.

**D.  Conclusion**

For the reasons set forth above, the Court should **GRANT** Defendant's *Motion to Dismiss or, Alternatively, for More Definite Statement*, Doc. 5, and **DISMISS** Plaintiff's case for want of subject matter jurisdiction.

**SO RECOMMENDED** on

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

4